IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE NAVAREZ,<br><br>Defendant.<br>_____ / | No. CR 09-00320 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER SECTION 2255 AND DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LEAVE TO CONDUCT DISCOVERY** |

**INTRODUCTION**

Defendant has moved to vacate, set aside, or correct his sentence under Section 2255 and has requested an evidentiary hearing. The motion is time-barred and is therefore **DENIED**. There is no need for an evidentiary hearing. Defendant has also moved for appointment of counsel for his Section 2255 motion and for leave to conduct discovery. Both motions are **DENIED AS MOOT**.

**STATEMENT**

The undersigned judge received this matter by way of reassignment. Judge Marilyn Hall Patel presided over defendant's change of plea hearing and imposed his sentence.

On March 26, 2009, defendant Rene Navarez was indicted for possession with intent to distribute a cocaine base within 1,000 feet of a public elementary school, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 860(a) (Dkt. No. 1). At his initial appearance, defendant entered a plea of not guilty (Dkt. No. 3). Assistant Federal Public Defender Loren Stewart was appointed counsel for defendant. On August 10, 2009, a change of plea hearing was held. Attorney Stewart represented defendant. Prior to the hearing, defendant

and Attorney Stewart were required to fill out an application for permission to enter a plea of guilty (Dkt. No. 55-1). The application, signed by defendant in the presence of his attorney and in open court, stated that defendant had received a copy of the indictment, that he informed his attorney of all the facts known to him about the charges against him, and that he (Dkt. No. 55-1 at 2–3):

> possessed crack cocaine within 1000 feet of a school [and that] his lawyer . . . counseled and advised [him] on the nature of each charge, all lesser included charges, all penalties and consequences of each charge, all possible defenses that [he] may have in this case, and the constitutional rights [he] is waiving.

The certificate of counsel, signed by Attorney Stewart in open court and in the presence of defendant stated, in relevant part, that Attorney Stewart (Dkt. No. 55-1 at 9–10):

> read and fully explained to the defendant and believe[s] he fully understands the allegations contained in the indictment of this case, the defenses he may have to each and every one of the allegations and the consequences of a plea of "GUILTY," including the pertinent Sentencing Guidelines provisions and maximum and minimum penalties. . . . [and] [he] believe[s] the defendant fully understands the constitutional rights he is waiving and that by entering a plea of "GUILTY," he is waiving each and every one of those rights.

At the change of plea hearing, pursuant to a plea agreement that was in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C), defendant pled guilty to count one in the indictment, charging him with "intent to distribute a cocaine base, in the form of 'crack' cocaine, within 1,000 feet of a public elementary school." By way of the signed plea agreement, defendant affirmed, that the following facts were true: "On or about February 13, 2007, in San Francisco, California, within the Northern District of California, [he] knowingly possessed approximately 130 grams of 'crack' cocaine with the intent to distribute it to other persons in exchange for cash" (Dkt. No. 55-2 at 3–4). And at the change of plea hearing, defendant verbally re-affirmed the truth of these facts (Dkt. No. 62 at 17–18).

The plea agreement called for a term of no more than 262 months imprisonment, five years supervised release with drug offender treatment,to include drug testing with other conditions of supervised release to be established by the court, and a mandatory special assessment of $100. As part of the agreement, defendant (Dkt. No. 55-2 at 4):

2

> knowingly and voluntarily agree[d] to waive any right [he] may
> have to file any collateral attack on [his] conviction or sentence,
> including a petition under 28 U.S.C. 2255 or 28 U.S.C. 2241, or a
> motion under 18 U.S.C. 3582, at any time in the future after [he is]
> sentenced, except for a claim that [his] constitutional right to the
> effective assistance of counsel was violated.

Based on the statements made during the plea colloquy by defendant and his counsel, Judge Patel found defendant to be mentally competent to plea, found him to understand the nature of the charges against him, the consequences and the rights he was knowingly and freely giving up, and accepted the plea (Dkt. No. 62 at 22).

Attorney Stewart continued to represent defendant at the sentencing hearing on November 23, 2009. Defendant was sentenced to a term of 144 months imprisonment (Dkt. No. 36). Judgment was entered on November 24, 2009 (Dkt. No. 37).

Defendant did not appeal. On December 21, 2009, the government filed its notice of appeal of the sentence imposed (Dkt. No. 39). An order granting the government's motion for voluntary dismissal of the appeal was filed on February 24, 2010 (Dkt. No. 43). On January 18, 2011, the defendant filed a motion for relief from judgment pursuant to Federal Rule of Criminal Procedure 60(b)(6), alleging prosecutorial misconduct and tainted evidence as the basis of the motion (Dkt. No. 45). By order dated April 20, 2011, Judge Patel denied the motion (Dkt. No. 46).

On June 10, 2011, defendant proceeding *pro se*, filed the instant motion to vacate, set aside, or correct his sentence under Section 2255. An order to show cause issued. The government responded. Defendant replied. Defendant then filed a motion for leave to conduct discovery and a motion for appointment of counsel on his Section 2255 motion.

Defendant asserts that he is entitled to equitable tolling and that his sentence should be vacated, set aside, or corrected due to ineffective assistance of counsel. Defendant's brief in support of his Section 2255 motion argues that his counsel was ineffective because he (1) failed to investigate allegedly inconsistent drug reports in his case issued by the SFPD crime laboratory, particularly in light of claims of corruption at the laboratory; (2) misled and misadvised defendant in failing to contest his right to file a motion in the future pursuant to 18 U.S.C. 3582 based on

3

changed penalties for crack; and (3) failed to argue that defendant's sentence should be calculated according to the powder cocaine guidelines.

## ANALYSIS

### 1. SECTION 2255.

Section 2255 provides that:

> A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court has the discretion to deny an evidentiary hearing on a Section 2255 motion where the record conclusively shows that the defendant is not entitled to relief. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). The defendant "need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Ibid.* Here, even if defendant's factual allegations were proven true, he would not be entitled to relief because his claim would still be time-barred.

### 2. MOTION IS TIME-BARRED.

Section 2255 contains a one-year limitation period in which a defendant must file a motion seeking to vacate, set aside, or correct his sentence. Defendant brought his Section 2255 motion months after the expiration of the one-year period.

He contends, under Section 2255(f)(4), that the one-year statute of limitations period should not commence until the date when he discovered the factual predicate of his ineffective assistance of counsel claim, yet he does not specify such a date. He also claims that he is entitled to equitable tolling. The government argues that his motion is time-barred. The order agrees.

Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on

4

> which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

### A. Section 2255(f)(1).

This order first considers when the one-year period of limitation commenced pursuant to Section 2255(f)(1). A judgment of conviction becomes final "upon the expiration of the time during which [the defendant] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order on a Section 2255 motion. Rule 4(a)(1)(B) states "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: (i) the United States."

Judgment was entered on November 24, 2009. The government filed a notice of appeal on December 21, 2009. Pursuant to FRAP 4(a)(3), "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Fourteen days from the date of the government's notice of appeal would have been January 4, 2010. Sixty days after entry of judgement, "the date on which the judgment of conviction becomes final" under Section 2255(f)(1), would have been January 23, 2010. Thus, absent any tolling, the limitations period for a timely filed Section 2255 motion would have commenced on January 23, 2010, and expired one year later.

Defendant contends, for purposes of determining the start date of the one-year period, that the period commenced on February 24, 2010, because that is the date when the government voluntarily dismissed its appeal. Defendant provides no legal support for this contention. The government submits that the one-year period commenced on January 4, 2010, but this calculation fails to give defendant the full benefit of FRAP 4(a)(3) which permits an appeal within 14 days after the date when the first notice was filed "or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Regardless, these differences are of no consequence to this

Section 2255 motion. Defendant filed his Section 2255 motion on June 10, 2011, well beyond even the latest of these three dates.

### B. Section 2255(f)(4).

Defendant seeks to avail himself of Section 2255(f)(4), which provides that the limitations period commenced on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The basis of defendant's Section 2255 motion is an ineffective assistance of counsel claim. To establish that counsel provided ineffective assistance, defendant must show that: (1) counsel's performance was deficient under the standards of reasonable lawyering, *ie.*, it "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Thus, for Section 2255(f)(4) to apply, defendant must point to facts supporting his ineffective assistance of counsel claim that were unknown, or through the exercise of due diligence, could not have been known to him on the date on which the judgment of conviction became final or some time thereafter.

*First*, defendant alleges that his counsel did not investigate a discrepancy in SFPD crime laboratory reports related to his case that would have led to discovery of corruption in the laboratory. According to defendant, one report showed that 150 grams of cocaine base had been seized from him on the day of the incident giving rise to the count to which defendant pled guilty. But another showed only 86.34 grams (Dkt. No. 48-1 at 10). Had his attorney investigated the alleged discrepancies in the reports, defendant contends that such an investigation would have revealed corruption in the SFPD crime laboratory (*ibid*).

The record shows, however, that on August 5, 2009, prior to defendant's change of plea, Attorney Stewart corresponded with government counsel to clarify any potential discrepancy in the laboratory results and determined that one report related to the drugs found on the roof of the public school, where defendant threw them when being pursued by the police officers the day of the incident, and the other two reports related to the drugs found on the ground outside the public school (Dkt. No. 55-3). The three reports showed a combined net total of 143.2 grams of cocaine

6

(Dkt. No. 48-6 at 1–3). "For ease of calculation, the Government and the defendant agreed in the plea agreement that the drugs totaled approximately 130 grams" (Dkt. No. 56 at 8). During the plea colloquy and in the plea agreement, defendant affirmed that he possessed, with intent to distribute 130 grams of "crack cocaine" (Dkt. Nos. 55-2 at 3; 62 at 16, 20). Thus, the record shows the laboratory results were not inconsistent and Attorney Stewart did not fail to investigate the results.

Defendant's argument on this point, does not provide a basis for applying Section 2255(f)(4). In fact, it shows that defendant, prior to his sentencing, was well aware of facts he now alleges support his claim for ineffective assistance of counsel.

*Second*, defendant argues that he "did not fully know at the time, nor did he have reason to fully know what he later learned that a (corruption was actually going on in the San Francisco Drug Lab)" (Dkt. No. 48-1 at 10). Appended to defendant's motion are four news articles discussing the corruption in the SFPD crime laboratory, each dated March or April of 2010 (Dkt. No. 48-1). Defendant does not state how these facts relating to alleged corruption in the SFPD crime laboratory support his claim for ineffective assistance of counsel. Indeed, as it turns out, the discrepancy in the SFPD crime laboratory reports was resolved by Attorney Stewart in August 2009. And defendant pled guilty to having possessed approximately "130 grams of crack cocaine" (Dkt. No. 55-2 at 3). The order finds no basis on which to apply Section 2255(f)(4).

### C. Equitable Tolling.

The one-year limitation period contained in Section 2255 is subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). The burden to establish grounds that warrant equitable tolling rests with the defendant. *Pace v. DiGuglielmo* 544 U.S. 408, 418–19 (2005). A defendant may be entitled to equitable tolling if he can demonstrate that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Battles*, 362 F.3d at 1197. Our court of appeals has concluded that "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Defendant claims he is entitled to equitable tolling because (1) the court did not comply with the holding in *Castro v. United States,* which imposed a requirement that a court provide notice to a *pro se* defendant before recharacterizing a motion filed by him into a Section 2255 motion, (2) he was in the "SHU" for a period of time, with limited access to the law library, and (3) he was without the documents necessary to file a Section 2255 motion.

**1.     No Recharacterization.**

Defendant claims he is entitled to equitable tolling because the court "did not inquire or apply th[e] holding [in *Castro v. United States,* 540 U.S. 375 (2003)] in the instant case and/or [defendant's] 60(b)(6) motion" (Dkt. No. 48-1 at 5–6).

Defendant filed a motion under Federal Rule of Criminal Procedure 60(b)(6). Judge Patel denied the motion. The order of denial stated (Dkt. No. 46):

> Defendant filed a 'motion for relief from judgment under Fed. R. Crim. Proc. Rule 60(b)(6)' on January 18, 2011, seeking 'immediate release from prison' on the basis of 'prosecutorial misconduct' and tainted evidence. Defendant is apparently referring to Rule 60(b)(6) of the Federal Rules of Civil Procedure which allows 'relief from a judgment or order' in a civil action, not a criminal action.

The order then stated that the only remedies available under the Federal Rules of Criminal Procedure are a motion for new trial, which would not apply to defendant because he did not have a trial, and a motion to correct a sentence under Rule 35, which would only apply if there was a clerical error, which was not alleged. The order also indicated that pursuant to his plea agreement, defendant had given up his right to appeal except for ineffective assistance of counsel and that "the time within which to file a habeas petition, if defendant had such a basis, is within one-year of the 'date on which the judgment of conviction becomes final.'"

Defendant now argues, as one ground for claiming entitlement to equitable tolling, that the order of denial did not comply with *Castro v. United States*. In *Castro*, the Supreme Court held that:

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion *unless* it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, and provides the

8

> litigant an opportunity to withdraw the motion or to amend it so
> that it contains all the § 2255 claims he believes he has.

In *Castro*, the Supreme Court was concerned with the situation wherein a court recharacterized a non-Section 2255 motion as a Section 2255 motion. The order denying defendant's Rule 60(b)(6) motion did not recharacterize it as a Section 2255 motion. *Castro* does not apply here. Thus, defendant is not entitled to equitable tolling on this ground.

### 2. "SHU."

Defendant contends that his confinement in the "SHU" from July 1, 2010, to April 27, 2011, entitles him to equitable tolling. By "SHU," defendant surely means the segregated housing unit. Defendant alleges that during this period he was "disabled and unable to properly and adequately present a meritorious U.S.C. 2255 petition, as to the limiting access to the prisoner's law library" (Dkt. No. 48-1 at 6–7).

Our court of appeals has concluded that a defendant is not entitled to equitable tolling "simply because he remained in administrative segregation and had limited access to the law library and copy machine." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In *Ramirez*, the defendant claimed equitable tolling from July 11, 2003, through October 1, 2003, the period during which he was in administrative segregation. The court reasoned that these circumstances were "neither extraordinary nor made it impossible for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in a prison, concluding otherwise would permit the exception to swallow the rule." *Ibid.* The court also relied on the fact that during the time defendant was in administrative segregation he filed a well-researched federal habeas petition. Likewise, defendant filed his Rule 60(b)(6) motion while in SHU. Defendant bears the burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely motion. He does not meet that burden here and is thus not entitled to equitable tolling on this basis.

### 3. Documents.

Defendant further contends that he is entitled to equitable tolling because he was without the documents and files necessary to properly prepare a Section 2255 motion until November 3, 2010, when he received "all his paperwork" from Attorney Stewart (Dkt. No. 48-1 at 7).

9

Defendant alleges that he "sent two letters, one in August 2010, the second in October 2010," but he does not specify to whom he sent letters and what the letters stated (Dkt. No. 48-1 at 7).

Defendant relies on two decisions in support of his argument for equitable tolling on this basis. *First*, he looks for support in *Lott v. Mueller*, wherein our court of appeals stated equitable tolling would be permissible if on remand the lower court determined that defendant's allegations were true. 304 F.3d 918, 925–26 (9th Cir. 2002). There, the defendant alleged that he was denied complete access to his legal files related to his habeas petition for 82 days and those materials were returned to him only shortly before the statute of limitations period ran. But here defendant does not allege that he was ever denied his files. In fact, he states that he received "all of his paperwork" almost three full months prior to the expiration of the one-year limitation period (Dkt. No. 48-1 at 7).

Defendant also relies on *Holland v. Florida* for support. 130 S. Ct. 2549 at 2563–64 (2010). In *Holland*, defendant's attorney failed to file his habeas petition on time, failed to respond to letters from defendant, and neglected to do any research for him. The Supreme Court rejected a rule that grossly negligent conduct by an attorney "can never warrant equitable tolling absent bad faith, dishonesty, divided loyalty, [or] mental impairment," holding, that the inquiry must be more flexible. *Ibid.* But the Court did not determine whether these facts presented "extraordinary circumstance," and instead, remanded the case for further proceedings. *Ibid*. *Holland* does not require a finding, based on the facts of this record, that defendant is entitled to equitable tolling.

Our defendant obtained his files almost three months prior to the running of the limitations period. He does not state a basis upon which the order can conclude that there were extraordinary circumstances beyond his control that made it impossible for him to file a timely Section 2255 motion. Nor does he offer any reason why he did not request the documents he claims he needed to draft his motion at some point before August.

Defendant is not entitled to equitable tolling. Thus, defendant's Section 2255 motion is time-barred. As such, the order will not address the merits of the motion. An evidentiary hearing is therefore not needed. Because the Section 2255 motion is time-barred, defendant's motion for

appointment of counsel on his Section 2255 motion and motion for leave to conduct discovery on the same are each **DENIED AS MOOT**.

**CONCLUSION**

For the reasons stated above, defendant's motion to vacate, set aside or correct his sentence is time-barred and is therefore **DENIED**. Defendant's motions for appointment of counsel and for leave to conduct discovery are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: December 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE